UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:26CR 00018-LPR |
| | ) | |
| v. | ) | |
| | ) | 21 U.S.C. § 846 |
| STEVEN NEVELS, | ) | 21 U.S.C. § 841(a)(1), (b)(1)(A) |
| TRENTON TURNER, | ) | 21 U.S.C. § 841(a)(1), (b)(1)(B) |
| JALIN BROWN, | ) | |
| RAHEEM MURRAY, | ) | |
| DEVIN TAYLOR, and | ) | |
| DARNELL BOWSER | ) | |

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 5 2026

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

**COUNT 1**

From on or about December 18, 2024, until on or about March 5, 2025, in the Eastern District of Arkansas and elsewhere, the defendants,

STEVEN NEVELS,
TRENTON TURNER,
JALIN BROWN,
RAHEEM MURRAY,
DEVIN TAYLOR, and
DARNELL BOWSER,

voluntarily and intentionally conspired with each other, and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about December 18, 2024, in the Eastern District of Arkansas, the defendant,

STEVEN NEVELS,

knowingly and intentionally distributed at least 50 grams, but less than 500 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 3

On or about December 23, 2024, in the Eastern District of Arkansas, the defendant,

STEVEN NEVELS,

knowingly and intentionally distributed at least 50 grams, but less than 500 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 4

On or about January 2, 2025, in the Eastern District of Arkansas, the defendants,

TRENTON TURNER and JALIN BROWN,

knowingly and intentionally distributed at least 50 grams, but less than 500 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 5

On or about January 14, 2025, in the Eastern District of Arkansas, the defendants,

TRENTON TURNER and JALIN BROWN,

knowingly and intentionally distributed at least 50 grams, but less than 500 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

### COUNT 6

On or about February 1, 2025, in the Eastern District of Arkansas, the defendants,

### RAHEEM MURRAY,

knowingly and intentionally possessed with intent to distribute 500 grams or more, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

### COUNT 7

On or about February 13, 2025, in the Eastern District of Arkansas, the defendants,

### TRENTON TURNER and JALIN BROWN,

knowingly and intentionally distributed at least 50 grams, but less than 500 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

### COUNT 8

On or about March 5, 2025, in the Eastern District of Arkansas, the defendants,

### TRENTON TURNER, JALIN BROWN, and DARNELL BOWSER,

knowingly and intentionally possessed with intent to distribute 500 grams or more, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

### FORFEITURE ALLEGATION 1

Upon conviction of counts 1, 2, or 3 of this Indictment, the defendant, STEVEN NEVELS, shall forfeit to the United States, under Title 21, United States Code, Section 853(a)(1), all property

constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of the offense.

## FORFEITURE ALLEGATION 2

Upon conviction of counts 1, 2, or 3 of this Indictment, the defendant, STEVEN NEVELS, shall forfeit to the United States, under Title 21, United States Code, Section 853(a)(2), all of the person's property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

## FORFEITURE ALLEGATION 3

Upon conviction of counts 1, 4, 5, 6, 7, or 8 of this Indictment, the defendant, TRENTON TURNER, shall forfeit to the United States, under Title 21, United States Code, Section 853(a)(1), all property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of the offense.

## FORFEITURE ALLEGATION 4

Upon conviction of counts 1, 4, 5, 6, 7, or 8 of this Indictment, the defendant, TRENTON TURNER, shall forfeit to the United States, under Title 21, United States Code, Section 853(a)(2), all of the person's property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

## FORFEITURE ALLEGATION 5

Upon conviction of counts 1, 4, 5, 7, or 8 of this Indictment, the defendant, JALIN BROWN, shall forfeit to the United States, under Title 21, United States Code, Section 853(a)(1), all property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of the offense.

## FORFEITURE ALLEGATION 6

Upon conviction of counts 1, 4, 5, 7, or 8  of this Indictment, the defendant, JALIN BROWN, shall forfeit to the United States, under Title 21, United States Code, Section 853(a)(2), all of the person's property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

## FORFEITURE ALLEGATION 7

Upon conviction of  counts 1 or 6 of this Indictment, the defendant, RAHEEM MURRAY, shall forfeit to the United States, under Title 21, United States Code, Section 853(a)(1), all property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of the offense.

## FORFEITURE ALLEGATION 8

Upon conviction of counts 1 or 6  of this Indictment, the defendant, RAHEEM MURRAY, shall forfeit to the United States, under Title 21, United States Code, Section 853(a)(2), all of the person's property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

## FORFEITURE ALLEGATION 9

Upon conviction of counts 1 or 6 of this Indictment, the defendant, DEVIN TAYLOR, shall forfeit to the United States, under Title 21, United States Code, Section 853(a)(1), all property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of the offense.

## FORFEITURE ALLEGATION 10

Upon conviction of counts 1 or 6 of this Indictment, the defendant, DEVIN TAYLOR, shall forfeit to the United States, under Title 21, United States Code, Section 853(a)(2), all of the

person's property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

## FORFEITURE ALLEGATION 11

Upon conviction of counts 1 or 8 of this Indictment, the defendant, DARNELL BOWSER, shall forfeit to the United States, under Title 21, United States Code, Section 853(a)(1), all property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of the offense.

## FORFEITURE ALLEGATION 12

Upon conviction of counts 1 or 8 of this Indictment, the defendant, DARNELL BOWSER, shall forfeit to the United States, under Title 21, United States Code, Section 853(a)(2), all of the person's property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

☐   NO TRUE BILL.            ☑   TRUE BILL.

**REDACTED SIGNATURE**

FOREPERSON OF THE GRAND JURY

JONATHAN D. ROSS
United States Attorney

By: Bart Dickinson
Assistant United States Attorney
Bar No. 98143
425 West Capitol Ave., Suite 500
Little Rock, Arkansas 72201
(501) 340-2600
Bart.dickinson@usdoj.gov

U.S. v. Steven Nevels, et al. Page **6** of **6**